CARMONA ET AL., PLAINTIFFS AND APPELLANTS, *v.* CUESTA, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of San Juan, Section 1, in an action for damages for the fraudulent appropriation of real property.

No. 1054.—Decided March 30, 1914.

PRESCRIPTION—ACTION FOR DAMAGES—PERSONAL ACTION.—An action for damages based on article 38 of the Mortgage Law is a personal action and as there is no special period of prescription provided, the action prescribes in fifteen years, pursuant to section 1865 of the Civil Code.

ID.—ACTION FOR DAMAGES.—The period for the prescription of an action for damages based on article 38 of the Mortgage Law begins to run from the day on which the action may be brought, pursuant to section 1870 of the Civil Code—that is, from the date on which the property was recorded in the registry of property in favor of a third party.

ID.—ACTION FOR DAMAGES—EJECTMENT.—The prosecution of an action of ejectment does not interrupt the period of prescription of an action for damages based on article 38 of the Mortgage Law.

ACTION FOR DAMAGES.—The allegation that the ownership of the property had vested in a third party by its admission to record in the registry of property does not constitute a valid defense to an action for damages based on article 38 of the Mortgage Law.

The facts are stated in the opinion.

*Mr. Jacinto Texidor* for appellants.

*Messrs. Muñoz & Brown* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On April 15, 1913, Manuel de Jesús Carmona Ríos, Juan Antonio Carmona Ríos, Rafael Carmona Ríos and Amalia del Pilar Martínez filed a complaint in the District Court for the Judicial District of San Juan, Section 1, against José Cuesta Viyeyas, alleging therein the following:

That Juan Bonifacio Carmona y Cruz, the lawful father of plaintiffs Carmona Ríos, was first married to Florencia Ríos and during that wedlock he acquired from Nemesio Rodríguez by a deed of bargain and sale executed August 27, 1870, a rural property of about 40 *cuerdas* of land situ-

ated in the ward of Mucarabones, Municipal District of Toa Alta, which property was described in the complaint.

That Florencia Ríos died intestate on January 7, 1876, leaving plaintiffs Carmona Ríos as her sole heirs. They were declared to be such by a judgment of November 26, 1909, and had remained in possession of half of the said property in common joint-ownership with their father, Juan Bonifacio Carmona, the owner of the other half.

That Juan Bonifacio Carmona contracted a second marriage with Carlota Domínguez Nieves in the year 1877.

That Juan Bonifacio Carmona died on October 22, 1887, leaving a will executed on the 12th of the same month in which he designated as his sole and universal heirs his sons Manuel de Jesús Carmona Ríos, Juan Antonio Carmona Ríos, Rafael Carmona Ríos and the only issue of his second marriage, who was born posthumously on March 16, 1888, and named José Dolores Carmona Domínguez.

That José Dolores Carmona Domínguez died on July 8, 1891, his sole heir being his mother, Carlota Domínguez, who was declared judicially to be such. She died on December 20, 1906, leaving as her sole heir her niece, Amalia del Pilar Martínez, who was likewise declared judicially to be such heir.

That in the year 1905 José Cuesta Viyeyas, knowing that the said property of 40 *cuerdas,* which was included in another property of 50 *cuerdas,* belonged to the plaintiffs, fraudulently brought dominion title proceedings in the District Court of San Juan, in which, by means of false testimony, he made it appear that he had acquired the estate of 50 *cuerdas* in which the 40 *cuerdas* of the plaintiffs were included, by purchase from Santiago Olivo in July of 1904; that Olivo in turn had acquired the same by purchase from Prudencio Velilla in 1883 and that Prudencio Velilla had acquired it by purchase from Manuel Valdés in 1881, thus obtaining by fraud a judicial decision of August 30, 1905, decreeing him

to be the owner of the said estate, which decree he recorded in his own name in the registry of property.

That Manuel Valdés, who sold the property to Velilla, was the executor named by Juan Bonifacio Carmona in his will, and, taking advantage of his position as such, sold the same without the authorization of the court having jurisdiction, notwithstanding the fact that the plaintiffs were minors at that time.

That when Valdés made the sale to Velilla the purchaser knew that the property belonged to the Carmona Ríos minors and that the vendor had no legal authority to make the said sale.

That when Velilla made the sale to Olivo the latter knew the circumstances under which Velilla had acquired the property, and when the defendant, Cuesta Viyeyas, purchased the property from Olivo he did so with positive knowledge that it really belonged to the heirs of Juan Bonifacio Carmona and that it had been sold to Velilla by the executor without the necessary legal authority, notwithstanding which fact the defendant, Viyeyas, brought the said dominion title proceedings.

That after Viyeyas had obtained the decree of ownership, on December 8, 1905, he sold the property to Domingo Soldini who in turn sold it to Mary Leicht by a deed executed on October 12, 1906, which is recorded in the Registry of Property of San Juan.

That the plaintiffs brought an action of ejectment in the District Court of San Juan against José Cuesta Viyeyas, Domingo Soldini and Mary Leicht for the purpose of recovering the ownership of their property of 40 *cuerdas* and of obtaining a decree annulling the dominion title proceedings instituted by Cuesta Viyeyas and the deeds of sale made by Viyeyas to Soldini and by the latter to Mary Leicht. In that action judgment was rendered against the plaintiffs and the said judgment was affirmed by the Supreme Court on appeal by its judgment of March 29, 1912, in which it was

expressly decreed that the dominion title proceedings brought by Cuesta Viyeyas were essentially null and void, reserving to the present plaintiffs the right to bring a personal action to recover damages from the person who may have caused them.

That since the date of the judgment rendered by this Supreme Court the plaintiffs have lost absolutely the property of 40 *cuerdas* which belonged to them, as a consequence of the fraudulent and malicious actions of Cuesta Viyeyas in prosecuting the dominion title proceedings and including in the property whose ownership he sought to prove the land belonging to the plaintiffs, by misrepresenting the facts relating to the successive sales of the said property and by introducing false evidence in the court for the purpose of thus obtaining a decree of ownership which, in conjunction with the sale made to Soldini, would bar any action on the part of the plaintiffs to recover their property, and that the defendant, José Cuesta Viyeyas, has caused the plaintiffs damages to the amount entailed by the loss of the property, the value of which they fix at $4,500.

The complaint concludes with the prayer that judgment be duly rendered against Cuesta Viyeyas and in favor of the plaintiffs for the sum of $4,500 together with the costs of the action and $1,000 as attorney's fees.

The defendant demurred to the said complaint, alleging that the action of the plaintiffs had prescribed in accordance with subdivision 2 of section 1869 of the Civil Code and that the complaint did not state facts sufficient to constitute a cause of action.

By its judgment of October 8, 1913, the lower court sustained the demurrer on the ground of prescription and as a consequence dismissed the complaint without special imposition of costs, from which judgment the attorney for the plaintiffs appealed to this court.

The appellants allege as a ground for the appeal that subdivision 2 of section 1869 of the Civil Code was improperly

applied, contending that the claim for damages set up in the complaint was subsidiary and could not be sustained without first bringing the action of ejectment, which action interrupted the period for the prescription of the action for damages, and that therefore the period did not begin to run until the date of the judgment of this Supreme Court disposing of the action of ejectment.

Accepting the theory of the plaintiffs, the action for damages would have prescribed, for, as is shown by the allegations of the complaint, the judgment of this court disposing of the action of ejectment was rendered on March 29, 1912, while the action for damages now exercised was begun by the filing of the complaint in the Secretary's office of the District Court of San Juan on April 15, 1913, or one year and seventeen days after the rendition of the said judgment.

But we cannot admit that prescription in the present case should be governed by section 1869 of the Civil Code. That section reads as follows:

"Section 1869.—The following prescribe in one year:

"1. Actions to recover or retain possession.

"2. Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in section 1803, from the time the aggrieved person had knowledge thereof."

Section 1803 reads as follows:

"Section 1803.—A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done."

Said section 1803 is congruent with section 1056, which reads as follows:

"Section 1056.—Obligations are created by law, by contracts, by quasi contracts, and by illicit acts and omissions or by those in which any kind of fault or negligence occurs."

And section 1060, found in Book Fourth of the Civil Code, reads as follows:

"Section 1060.—Those (obligations) arising from acts or omissions, in which fault or negligence, not punished by law, occur, shall be subject to the provisions of chapter second of title sixteen of this book."

Having examined Chapter II, Title XVI of Book Fourth of the Civil Code comprising sections 1803 to 1811 both inclusive, we find that the liabilities established by the said sections arise from fault or negligence which, without the existence of a former obligation and without any previous contractual act, causes damages which have their origin in an act or omission derived from said fault or negligence.

From a study of these same sections we conclude that between the damages and the fault or negligence whence they are derived there must be an immediate relation of cause and effect and that the indemnity for such damages must not be accessory to another liability or a consequence of the fact that any legal or contractual liability is not actionable. Hence it follows that the action for damages to which we refer is a principal and not a subsidiary action and is the only remedy for the reparation of the damages caused by fault or negligence.

Now, according to section 354 of the Civil Code, the owner has a right of action against the holder and the possessor of a thing for its recovery. That is to say, the owner, as said by the attorney for the appellants, has a real, direct, and primary action to assert his right of ownership against an adverse or unjust tenancy or possession. The period of prescription for said action is 30 years according to section 1864 of the Civil Code.

It may happen that the real property sought to be recovered is in the possession of a third person whose title is recorded in the registry of property and that the action of ejectment cannot be effective against him. In such a case the

last subdivision of article 38 of the Mortgage Law provides that ''In any case in which the resolutory or rescissory action cannot be brought against a third person in accordance with the provisions of this article the proper personal action may be brought for the recovery of damages from the person who may have caused them.''

The foregoing provision is in harmony with the second subdivision of section 1262 of the Civil Code to the effect that rescission shall not take place when the things which are the object of the contract are legally in the possession of third persons who have not acted in bad faith, in which case the indemnity for damages may be claimed from the person who caused the lesion.

According to the facts alleged in the complaint, the plaintiffs were entitled to recover the property of 40 *cuerdas* referred to and for that purpose they prosecuted an action of ejectment under the provisions of section 354 of the Civil Code, but the action was dismissed and this court in its judgment of March 29, 1912, deciding the case on appeal, held expressly that the dominion title proceedings brought by Cuesta Viyeyas which served as a title of ownership for the sale of the property by Viyeyas to Soldini and by the latter to Mary Leicht, were essentially null and void. The said action of ejectment not having prospered, this court reserved to the present plaintiffs the right to bring a personal action for an indemnity for damages against the person who may have caused the same. That action for damages accrues from the facts determinative of the action of ejectment and from the fact that the said action could not prosper because of the existence of a legal bar thereto consisting of the acquisition of the property in question by a third person who could not be compelled by law to make restitution. The action for damages in the present case has not the character of a principal action but that of a subsidiary action in view of the existence of a legal bar to the success of the action of ejectment, and it is a remedy which the Legislature has provided for the

owner of a property in order that, being unable to recover the property, he may obtain reparation for his loss by means of the said action.

As is seen, this action for damages is not an action claiming liability for fault or negligence as understood in subdivision 2 of section 1869 of the Civil Code, and therefore the period of one year for prescription fixed by the said section is not applicable to the case at bar. This is a personal action for which no special period of prescription is fixed and therefore it prescribes in 15 years, according to section 1865 of the Civil Code.

According to section 1870, the time for prescription should be counted from the day on which the action could have been brought, or from the year 1906, when the property was recorded in the registry of property in favor of a third person.

The prescription was not interrupted by the action of ejectment which was dismissed, because, according to the accepted doctrine of the Supreme Court of Spain as laid down in its judgment of July 5, 1904, in order that the period for the prescription of a specific action may be considered to have been interrupted, it is necessary that the said action had been brought and not another action more or less similar thereto, and therefore section 1874 is not applicable to the present case. The complaint for indemnity for damages was filed on April 15, 1913. It cannot be held, then, that the action has prescribed by the lapse of the 15 years fixed by law, and consequently the court erred in dismissing the complaint on the ground of the prescription of the action due to its improper application of subdivision 2 of section 1869 of the Civil Code and its failure to apply section 1865. But can the judgment be sustained on the other ground of the demurrer— that is, that the facts do not constitute a cause of action?

After having examined the facts and weighed them as a whole, we find that they constitute the cause of action for damages set up in the complaint and provided for by article

28 of the Mortgage Law, which is in harmony with section 1262 of the Civil Code.

The allegation of the respondent that in the present case the ownership of the property became vested in a third party by its record in the registry of property and that therefore no indemnity for damages could be claimed, equally as would be the case, according to his averment, in a case where the ownership should become vested .in a person .by the lapse of the prescription period fixed by law, is not tenable. The cases are not parallel and therefore cannot be· governed by the same principles of law.

The decision of this court in the case of *Busó et al.* v. *Martínez,* 18 P. R. R., 994, does not sustain the judgment appealed from, for there are noteworthy differences between that and the present case. Liability for fault or negligence was discussed in the cases of *Zalduondo* v. *Sánchez,* 15 P. R. R., 216, and *Guzmán* v. *Vidal,* 19 P. R. R., 800.

The judgment appealed from is reversed and the case remanded for further proceedings in the regular manner.

> *Judgment reversed and case remanded for further proceedings.*

Justices Wolf, del Toro and Aldrey concurred.